**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (Columbus)**

| | | |
|---|---|---|
| MELISSA SCHAAL<br>312 Mountain Creek Drive<br>Cool Ridge, WV 25825 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| HOME BUYS, LLC<br>4395 Clime Road<br>Columbus, OH 43228 | )<br>)<br>)<br>) | |
| **Serve Also:** | )<br>) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| Home Buys, LLC<br>c/o Philip Nicholas (Stat. Agent)<br>4653 Trueman Blvd., Ste. 121<br>Hilliard, OH 43026 | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED HEREIN** |
| -and- | )<br>) | |
| PATRICIA JENSEN<br>c/o Home Buys, LLC<br>4395 Clime Road<br>Columbus, OH 43228 | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

Plaintiff MELISSA SCHAAL by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Plaintiff Melissa Schaal is a resident of the city of Cool Ridge, Raleigh County, state of West Virginia.

2. During the relevant times herein, Schaal was a resident of the state of Ohio.

3. Defendants HOME BUYS, LLC. ("HOME BUYS") is an Ohio-incorporated company that conducts business throughout the state. The relevant location of the events and omissions of this Complaint took place was at 4395 Clime Road, Columbus, Ohio 43228.

4. HOME BUYS is, and was at all times hereinafter mentioned, Schaal's employer within the meaning of the Americans with Disability Act ("ADA") 42 U.S.C. § 12101 and R.C. § 4112.01(A)(2).

5. Upon information and belief, Defendant Patricia Jensen is a resident of the state of Ohio.

6. Defendant Jensen is and/or was an employee of HOME BUYS.

7. Defendant Jensen did, and at all times hereinafter mentioned, acted directly or indirectly in the interest of HOME BUYS and/or within the scope of her employment at HOME BUYS.

8. At all relevant times referenced herein, Defendant Jensen supervised and/or controlled Schaal's employment at HOME BUYS.

9. At all times referenced herein, Defendant Jensen was Schaal's employer within the meaning of R.C. 4112.01(A)(2).

## JURISDICTION & VENUE

10. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Schaal is alleging federal law claims under the ADA.

11. This Court has supplemental jurisdiction over Schaal's state law claims pursuant to 28 U.S.C. § 1367, as Schaal's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

13. Within 300 days of the conduct alleged below, Schaal filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC", Charge No. 532-2019-00161) against HOME BUYS ("EEOC Charge").

14. On or about July 15, 2020 the EEOC issued and mailed a Dismissal and Notice of Rights letter to Schaal regarding the EEOC Charge.

15. Schaal received the Dismissal and Notice of Rights from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

16. Schaal has filed this Complaint on or before the 90-day deadline set forth in the Dismissal and Notice of Rights.

17. Schaal has properly exhausted all administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

18. Schaal is a former employee of HOME BUYS.

19. At all times noted herein, Schaal was qualified for her position with HOME BUYS.

20. At all times noted herein, Schaal could fully perform the essential functions of her job, with or without a reasonable accommodation.

21. Schaal worked for the HOME BUYS in Cline, Ohio as an Assistant Store Manager from December 2016 until Schaal was forced to resign on January 31, 2018.

22. Schaal has a brain aneurysm, placing her in a protected class for her disability.

23. Brain aneurysms are disabilities under the ADA.

24. Brain aneurysms can rupture, causing irreparable brain damage and harm up to and including death.

25. In or around December 2017, Schaal got news from her medical provider that her aneurysm had grown. As a result, her medical provider gave her a note stating she was not to lift more than ten pounds, and shortly after reduced the weight requirement to five pounds.

26. Schaal used the note to request reasonable work accommodations at HOME BUYS.

27. Through her doctor's note, Defendants had notice of Schaal's disabilities. Alternatively, Defendants perceived Schaal as disabled.

28. Defendants refused to engage in the interactive process of finding a reasonable accommodation for Schaal despite received her doctor's note. Schaal's work restrictions were never followed by Defendants.

29. In or around the time Defendants were given notice of Schaal's disabilities, Jensen began making work more difficult for Schaal in the following ways, among others: refusing to schedule Schaal with other employees who could move furniture heavier that five pounds, requiring Schaal move furniture heavier than five pounds by herself, and purposefully leaving Schaal alone in a busy store knowing that Schaal could not move furniture by herself.

30. On or about December 16, 2017, Schaal called Tom Sumner (supervisor) to report Jensen's intentional targeting and discrimination. This was a protected complaint of discrimination.

31. On or about December 16, 2017, Jensen called Schaal saying that Schaal should never call Sumner, and that Schaal had "thrown [her] under the bus."

32. In or around January 2018, Schaal began to notice extreme neck pain and headaches after moving furniture and got nervous that she was agitating the brain aneurysm.

33. On or around January 31, 2018, Jensen had Schaal come to the back of the store to move a stack of mattresses.

34. When Schaal requested the assistance of a male employee, Jensen told her that she had to complete the task by herself.

35. At this point, the headaches had become so excruciating that Schaal could not focus.

36. For her safety, Schaal was forced to resign, as any reasonable person would be forced to do in her situation.

37. Schaal's resignation was a constructive termination.

38. As a direct and proximate result of Defendants' acts and omissions, Schaal has suffered and will continue to suffer damages.

### **COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112, et seq.**

39. Schaal restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

40. Schaal is in a protected class for his disabilities (described *supra*).

41. Defendants had notice of Schaal's disabilities. Alternatively, Defendants perceived Schaal as disabled.

42. During her employment with HOME BUYS, Schaal was subjected to offensive and harassing conduct based on disability from her superiors, coworkers, and customers.

43. Defendants knew or should have known of the harassing conduct against Schaal.

44. Defendants condoned, tolerated and ratified this harassing conduct.

45. This harassing conduct was severe and/or pervasive.

46. This harassing conduct was offensive to Schaal.

47. This harassing conduct would also be offensive to any reasonable person.

48. This harassing conduct interfered with Schaal's ability to perform her job duties.

49. This harassment was based on Schaal's disability.

50. This harassing conduct was so severe and pervasive that it materially altered the conditions of Schaal's employment.

51. Schaal, with no other reasonable choice, was then forced to resign her employment.

52. Any reasonable person in Schaal's place would also have no choice but to resign due to the conduct.

53. Schaal's resignation was a constructive termination, an adverse employment action.

54. Defendants violated R.C. § 4112 *et seq*. by constructively terminating Schaal because of her disability.

55. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by treating Schaal differently from other similarly situated employees outside her protected class.

56. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Schaal's disability.

57. Defendants violated R.C. § 4112.02 and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Schaal's disability.

58. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disabilities.

59. Defendants were unwilling to accommodate Schaal's disability, and intentionally targeted and discriminated against her because she needed an accommodation.

60. Defendants violated R.C. § 4112 et seq. by refusing to accommodate Schaal's disability.

61. As a direct and proximate result of Defendants' acts and omissions, Schaal has suffered and will continue to suffer damages.

## **COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**
## **(Defendant HOME BUYS Only)**

62. Schaal restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. Schaal is in a protected class for her disabilities (discussed *supra*).

64. Defendant had notice of Schaal's disabilities. Alternatively, Defendant perceived Schaal as disabled.

65. The ADA provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

66. During her employment with HOME BUYS, Schaal was subjected to offensive and harassing conduct based on disability from her superiors, coworkers, and customers.

67. Defendants knew or should have known of the harassing conduct against Schaal.

68. Defendants condoned, tolerated and ratified this harassing conduct.

69. This harassing conduct was severe and/or pervasive.

70. This harassing conduct was offensive to Schaal.

71. This harassing conduct would also be offensive to any reasonable person.

72. This harassing conduct interfered with Schaal's ability to perform her job duties.

73. This harassment was based on Schaal's disability.

74. This harassing conduct was so severe and pervasive that it materially altered the conditions of Schaal's employment.

75. Schaal, with no other reasonable choice, was then forced to resign her employment.

76. Any reasonable person in Schaal's place would also have no choice but to resign due to the conduct.

77. Schaal's resignation was a constructive termination, an adverse employment action..

78. Defendants violated the ADA by constructively terminating Schaal because of her disability.

79. Defendants violated the ADA by treating Schaal differently from other similarly situated employees outside her protected class.

80. Defendants violated the ADA by applying its employment policies in a disparate manner based on Schaal's disability.

81. Defendants violated the ADA by applying its disciplinary policies in a disparate manner based on Schaal's disability.

82. HOME BUYS was unwilling to accommodate Schaal's disability, and intentionally targeted and discriminated against her because she needed an accommodation.

83. As a direct and proximate result of Defendant's failure to accommodate Schaal's disability, Schaal has suffered and will continue to suffer damages.

## COUNT III: FAILURE TO ACCOMMODATE

84. Schaal restates each and every prior paragraph of this complaint, as if it were fully restated herein.

85. Schaal informed Defendants of her disabling condition. Alternatively, Defendants perceived Schaal as disabled.

86. Schaal requested accommodations from Defendants to assist with her disabilities.

87. Schaal's requested accommodations were reasonable.

88. There was an available accommodation that would have been effective and would have not posed an undue hardship to Defendants.

89. Defendants failed to engage in the interactive process of determining whether Schaal needed an accommodation.

90. Defendants failed to provide an accommodation.

91. Defendants violated R.C. §4112.02 and/or the ADA by failing to engage Schaal in the interactive process.

92. Defendants violated R.C. §4112.02 and/or the ADA by failing to provide Schaal a reasonable accommodation.

93. As a direct and proximate result of Defendants' conduct, Schaal suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: RETALIATION

94. Schaal restates each and every prior paragraph of this complaint, as if it were fully restated herein.

95. As a result of the Defendants' discriminatory conduct described above, Schaal complained of the non-accommodation, intentional targeting, and discrimination she was experiencing to Tom Sumner.

96. Subsequent to Schaal's complaints to Sumner about the non-accommodation, intentional targeting, and discrimination Defendants took adverse employment actions against Schaal, including, but not limited to, verbal beratement and increased efforts to intentionally target and discriminate against her and constructively terminating her employment.

97. Defendants' actions were retaliatory in nature based on Schaal's opposition to the unlawful discriminatory conduct.

98. Pursuant to R.C. § 4112 et seq. and the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

99. As a direct and proximate result of Defendants' retaliatory discrimination against Schaal, she has suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Schaal demands from Defendants the following:

a) Issue a permanent injunction:

    i. Requiring Defendants to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendants to expunge his personnel file of all negative documentation;

c) An award against each Defendants for compensatory and monetary damages to compensate Schaal for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendants in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Schaal's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

  /s/ Matthew Bruce
Matthew G. Bruce (0083769)
    Trial Attorney
Evan R. McFarland (0096953)
**THE SPITZ LAW FIRM**
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (216) 291-0244 x173
Fax:   (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com

Attorneys for Plaintiff Melissa Schaal

## **JURY DEMAND**

Plaintiff Melissa Schaal demands a trial by jury by the maximum number of jurors permitted.

   /s/ Matthew Bruce
Matthew G. Bruce (0083769)